UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| TRICO MARINE SERVICES, INC., et al., | : | Case No. 04-17985 (SMB) |
| | : | |
| Reorganized Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------X

| | | |
|---|---|---|
| STEVEN SALSBERG, ESQ. and GLORIA SALSBERG, | : : : | |
| | : | Adversary Proceeding |
| Plaintiffs/Appellants, | : | No. 05-02313 (SMB) |
| | : | |
| - against - | : : | APPELLANTS' STATEMENT |
| TRICO MARINE SERVICES, INC., TRICO MARINE ASSETS, INC. and TRICO MARINE OPERATORS, INC., , | : : : : | OF ISSUES |
| | : | |
| Defendants/Appellees. | : : | |

------------------------------------------------------------------X

Plaintiff/Appellants Steven Salsberg, Esq. and Gloria Salsberg, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby present a statement of the issues to be presented.

**With respect to the Decision of January 6, 2006:**

1. Did the trial court err when it concluded that it would be too difficult to unwind the Plan and that, therefore, the Plan could not be revoked under section 1144 of the Bankruptcy Code?

2. Did the trial court err when it concluded that a revocation order could not protect innocent third parties and that, therefore, the Plan could not be revoked under section 1144 of the Bankruptcy Code?

**With respect to the Decision of May 5, 2006:**

3. Did the trial court err when it decided that a revocation order could not restore the

*status quo ante* and that, therefore, the Plan could not be revoked under section 1144 of the Bankruptcy Code?

4. Did the trial court err when it decided that a revocation order could not protect innocent third parties and that, therefore, the Plan could not be revoked under section 1144 of the Bankruptcy Code?

**With respect to the Decision of November 22, 2006:**

5. Did the trial court err when it concluded that Plaintiffs did not adequately allege that an "officer of the court" perpetrated a fraud and that therefore the Proposed Second Amended Complaint did not state a claim for fraud on the court?

6. Did the trial court err when it concluded that the Second Amended Complaint failed to allege that Steven Salsberg had no opportunity to demonstrate the falsity of Trevor Turbidy's testimony and that as a result a fraud on the court claim was not stated?

7. Did the trial court err by finding that Steven Salsberg had the chance to expose the falsity of Trevor Turbidy's testimony at the confirmation hearing?

**With respect to the Decision of January 16, 2007:**

8. Did the trial court err when it concluded that Plaintiffs had failed to assert certain arguments on their original motion to amend and that therefore it would not reconsider its decision of November 22, 2006?

**With respect to the Decision of August 23, 2007:**

9. Did the trial court err when it concluded that Plaintiffs did not demonstrate that Trevor Turbidy's testimony was false?

10. Did the trial court err when it concluded that Plaintiffs did not demonstrate that Trevor Turbidy intended to deceive the court?

2

11. Did the trial court err when it concluded that Plaintiffs did not prove that Trevor Turbidy intended to deceive the court or anyone else by not highlighting the special charges?

12. Did the trial court err when it concluded that if Trevor Turbidy at the confirmation hearing made a misleading statement or omitted to state material information necessary for the testimony he did give not to be misleading was not done with the requisite state of mind?

13. Did the trial court err when it concluded that Plaintiffs did not show that Trevor Turbidy had any motive to conceal information at the Confirmation Hearing?

14. Did the trial court err when it concluded that Plaintiffs were required to establish the ultimate materiality of any false statement in order to establish whether the witness gave false testimony?

15. Did the trial court err when it concluded that Plaintiffs were required to establish the ultimate materiality of any false statement in order to establish the requisite state of mind?

16. Did the trial court err when it concluded that Plaintiffs failed to establish the ultimate materiality of any false or misleading statement or omission made by Trevor Turbidy?

17. Did the trial court err when it concluded that Plaintiffs did not demonstrate that Trevor Turbidy's testimony was misleading because he failed to provide information necessary to not be misleading?

18. Did the trial court err by not finding that Trevor Turbidy and/or Trico failed to disclose material information, for which there was a duty to disclose?

19. Did the trial court err when it applied New York law to the fraud claim and in its application of the law on fraud and on fraudulent concealment, and as to the correct standard of fraud, in the context of this trial?

20. Did the trial court err when it found that the bifurcation of the materiality and

valuation issues did not free the Salsbergs from the obligation to adduce evidence of materiality or valuation to the extent the evidence was relevant to the questions of falsity or intent?

21. Did the trial court err regarding the level of intent that is required to be established by Plaintiffs and/or that was required to be established by Plaintiffs during the bifurcated trial?

Dated: New York, New York
September 12, 2007

STEVEN SALSBERG, ESQ., *pro se*

By: _____/s/_____
Steven Salsberg
205 W. 88th Street, #2-D
New York, NY 10024
(212) 362-1367

Plaintiff/Appellant

LAW OFFICE OF JOSEPH P. GARLAND

By: _____/s/_____
Joseph P. Garland — JG0888
275 Madison Avenue, Suite 420
New York, NY 10016
(212) 880-3718

Attorneys for Plaintiff/Appellant Gloria Salsberg

To: KIRKLAND & ELLIS, LLP
Matthew Solum, Esq.
153 East 53rd Street
New York, New York 10022-4611